IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERNEST CRAWFORD,              )
                              )
     Petitioner,              )
                              )
     v.                       )    1:21CV57
                              )
STATE OF NORTH CAROLINA,      )
                              )
     Respondent.              )

**ORDER**

This matter is before this court for review of the Recommendation filed on January 20, 2021, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 2.) In the Recommendation, the Magistrate Judge recommends that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The Recommendation was served on the parties to this action on January 20, 2021, (Doc. 3). Petitioner timely filed objections, (Doc. 4), to the Recommendation. Petitioner's objection consisted of a request for the appointment of counsel. There is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013); Hunt v.

Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). However, the court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 Proceedings. Here, Petitioner has not provided good cause for the appointment of counsel, nor do the interests of justice require the appointment of counsel, nor is discovery or an evidentiary hearing required in this matter at this time. The request is therefore denied.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate

- 2 -

Case 1:21-cv-00057-WO-JLW   Document 5   Filed 02/19/21   Page 2 of 3

Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 2), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's letter accusing the Iredell County Sheriff's Department of unspecified wrongdoing and claiming that Petitioner is innocent of murdering his ex-wife, (Doc. 1), is construed as a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and that this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a new petition correcting the defects set out in the Order and Recommendation.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 19th day of February, 2021.

/s/ William L. Osteen, Jr.
United States District Judge

- 3 -

Case 1:21-cv-00057-WO-JLW   Document 5   Filed 02/19/21   Page 3 of 3